THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KEVIN D. DILTZ,

              Petitioner,

   v.

JERI BOE,

             Respondent.

CASE NO. C18-0981-JCC

ORDER

This matter comes before the Court on Petitioner's objections (Dkt. No. 29) to Magistrate Judge James P. Donohue's report and recommendation ("R&R") (Dkt. No. 23). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby OVERRULES Petitioner's objections, ADOPTS Judge Donohue's R&R, and DENIES Petitioner's habeas petition for the reasons explained herein.

## I.    BACKGROUND

The facts summarized by the Washington Court of Appeals and reiterated by Judge Donohue are as follows. On April 29, 2013, Officer Jeffrey Norris pulled over a black pickup truck, driven by Petitioner, on the on-ramp to southbound Interstate 5 ("I-5"). (Dkt. No. 23 at 2.) As Officer Norris approached the truck, Petitioner began driving southbound on I-5. (*Id.*) Officer Norris returned to his patrol car and began following Petitioner. (*Id.*) After engaging in a high-speed chase on State Route 529, Petitioner exited in Everett; his truck's driveline fell off, and he

crashed into a parked car. (*Id.*) Petitioner began running through a neighborhood, with Officer Norris in pursuit on foot. (*Id.*) Petitioner fired a gun at Officer Norris, and then jumped over a fence. (*Id.*) Officer Norris was not hit by the bullets, and he called for backup. (*Id.*) Other police arrived and eventually arrested Petitioner. (*Id.*) Upon an initial search of the area, police found Petitioner's jacket, gloves, phone, and four shell casings, but no firearm. (*Id.*) On May 17, 2013, Petitioner was charged in Snohomish County Superior Court with aggravated first degree assault against a police officer while armed with a firearm, and attempting to elude police while threatening others with physical injury or harm. (*Id.* at 3.)

After listening to recorded calls made by Petitioner from jail, Detective Steve Brenneman returned to the scene and found a Ruger P89 pistol buried under mulch in the backyard where Petitioner's jacket was found. (*Id.*) Forensic testing revealed that the shell casings recovered at the scene had been fired from the recovered gun. (*Id.*) On July 26, 2013, Petitioner was additionally charged with possession of a stolen firearm, possession of a stolen vehicle, and unlawful possession of a firearm in the second degree. (*Id.*)

The jury found Petitioner not guilty of possession of a stolen firearm, and found him guilty of first degree assault, attempting to elude a pursuing police vehicle, possession of a stolen vehicle, and second degree unlawful possession of a firearm. (*Id.*) The jury returned special verdicts finding that Petitioner committed first degree assault against a law enforcement officer while armed with a firearm and threatened individuals other than Petitioner and Officer Norris with physical injury or harm. (*Id.*)

Upon appeal, the Washington Court of Appeals affirmed the conviction, and the Supreme Court denied review. (*Id.* at 4.) Petitioner filed a personal restraint petition, which was denied by both state appellate courts. (*Id.*) Petitioner now brings a habeas petition alleging (1) prosecutorial misconduct, (2) ineffective assistance of trial counsel, (3) ineffective assistance of appellate counsel, and (4) cumulative error. (*See* Dkt. No. 5 at 3–10.) Judge Donohue's R&R recommends denying Petitioner's habeas petition

without an evidentiary hearing and dismissing this action with prejudice. (Dkt. No. 23 at 22.) Petitioner has filed objections to the R&R. (Dkt. No. 29.)

## II. DISCUSSION

### A. Standards of Review

The Court reviews objections to a magistrate judge's report and recommendation *de novo*. 28 U.S.C. § 636(b)(1). The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*

The Court shall not grant a habeas petition filed by a person in custody pursuant to a state court judgment, "unless the adjudication of the claim—(1) resulted in a decision . . . contrary to . . . clearly established Federal law . . . or (2) resulted in a decision that was based on an unreasonable determination of the facts." 28 U.S.C. § 2254(d). The Court may overturn a state court's decision only if its application of the law to the facts was "objectively unreasonable." *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003); *see also Hibbler v. Benedetti*, 693 F.3d 1140, 1146 (9th Cir. 2012). The Court presumes that the state court's factual findings are proper unless the Petitioner "rebuts the 'presumption of correctness by clear and convincing evidence.'" *See Miller-El v. Dretke*, 545 U.S. 231, 240 (2005) (quoting 28 U.S.C. § 2254(e)(1)).

### B. Overlength Objections

Respondent moves to strike Petitioner's objections as overlong. (Dkt. No. 30); W.D. Wash. Local Civ. R. 72. Whether to strike all or part of an overlength pleading is within the Court's discretion. *See Swanson v. U.S. Forest Service*, 87 F.3d 339, 345 (9th Cir. 1996). Respondent's request to strike Petitioner's overlength objections (Dkt. No. 30) is DENIED. Petitioner's motion for leave to file overlength objections (Dkt. No. 31) is DENIED as moot.

### C. Prosecutorial Misconduct

To succeed on a claim of prosecutorial misconduct, a petitioner must show that the prosecutor's alleged inappropriate comments or actions "so infected the trial with unfairness as to make the resulting conviction a denial of due process." *Darden v. Wainwright*, 477 U.S. 168,

181 (1986). Habeas relief shall be granted only if prosecutorial misconduct "had substantial and injurious effect or influence in determining the jury's verdict." *See Wood v. Ryan*, 693 F.3d 1104, 1113 (9th Cir. 2012) (quoting *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993)). The Court must evaluate alleged acts of misconduct in the context of the entire case. *See Greer v. Miller*, 483 U.S. 756, 765-66 (1987); (*see* Dkt. No. 23 at 6–18.)

Petitioner claims that Judge Donohue "erroneously [and] unreasonably" held that the prosecutor did not lead Officer Norris when he asked him during direct examination, "What did you think at the time that you saw [Petitioner] pointing back at you?" (Dkt No. 29 at 1–3.) Petitioner posits that Judge Donohue "ignore[s] and/or fail[s] to acknowledge" that Officer Norris conceded that he did not remember Petitioner pointing a gun at him and that the prosecutor asked him leading questions. (*Id.* at 3–4.) Judge Donohue appropriately determined that the prosecutor's questions were not leading because "[b]ased on the colloquy between the prosecutor and Officer Norris, it would be reasonable to conclude that Officer Norris pointed during his demonstration." (Dkt. No. 23 at 9.) Thus, Petitioner's objection is unavailing.

Judge Donohue agreed with the state court's conclusion that the prosecutor did not prejudicially portray witness Teresa Myer as a liar. (Dkt. No. 23 at 9–12.) Petitioner objects by reiterating his original argument—that the prosecutor misrepresented Myer as a liar, which substantially influenced the jury. (*See* Dkt. No. 29 at 7–10.) Judge Donohue properly addressed this argument by noting that the prosecutor did not use the word "lie," and used the word "embellish" once in reference to Myer in a way that would not have substantially influenced the jury. (*See* Dkt. No. 23 at 9–12.) Judge Donohue also noted that the inconsistencies between Myer's 911 call and other testimony support the prosecutor's claim that Myer may have misremembered certain details. (*Id.* at 12.) Thus, Petitioner's objection is unavailing.

Petitioner argues that he was prejudiced because the prosecutor misstated the evidence—*i.e.*, claiming that an additional 10-round clip was found in the truck—and made inflammatory and extraneous statements during the trial regarding Petitioner's intent to harm Officer Norris.

(*See* Dkt. No. 29 at 10–13.) Petitioner objects to Judge Donohue's conclusion that "there was ample other evidence in the record of [P]etitioner's intent to inflict great bodily injury." (*See id.* at 13) (quoting Dkt. No. 23 at 15.) Petitioner does not introduce any evidence to counter Judge Donohue's conclusion. (*See id.*) Based on the record, Judge Donohue correctly determined that the prosecutor's actions and statements "did not have a 'substantial and injurious effect'" on the jury verdict, in light of the facts showing Petitioner's intent to inflict great bodily injury. (Dkt. No. 23 at 14–15, 17.)

In sum, Petitioner has not met the standard of rebuttal and his objections to the R&R's conclusions as to his claims of prosecutorial misconduct are OVERRULED. 28 U.S.C. § 2254(e)(1).

### D. Ineffective Assistance of Counsel

Judge Donohue determined that the Washington Court of Appeals reasonably applied the *Strickland* standard to deny Petitioner's ineffective assistance of counsel claims. (*See* Dkt. No. 23 at 18–20); *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (citing *Strickland v. Washington*, 466 U.S. 668 (1984)). Petitioner did not prove that trial counsel's failure to object to or request instruction for alleged prosecutorial misconduct rendered counsel's performance deficient to a prejudicial degree. (Dkt. No. 23 at 19); *Strickland*, 466 U.S. at 687. Appellate counsel's choice to omit Petitioner's prosecutorial misconduct claims for lack of merit was not ineffective assistance. (Dkt. No. 23 at 20); *see Jones v. Barnes*, 463 U.S. 745, 751-52 (1983); *Miller v. Keeney*, 882 F.2d 1428, 1428 (9th Cir. 1989). Petitioner objects to these conclusions, but does not provide a basis for his objections. (Dkt. No. 29 at 13–14.) Petitioner has not met the standard of rebuttal and his objections to the R&R's conclusions as to his claims of ineffective assistance of counsel are OVERRULED. 28 U.S.C. § 2254(e)(1).

### E. Cumulative Error

Judge Donohue recommends denying Petitioner's claim of cumulative error. (Dkt. No. 23 at 20–21.) Petitioner objects "in light of 'all' of the foregoing." (Dkt. No. 29 at 15.) Judge

Donohue correctly found that nothing in Petitioner's trial "accumulate[d] to a level of a constitutional violation" because Petitioner only established one non-prejudicial error—the prosecutor's misstatement of evidence. (Dkt. No. 23 at 14, 21) (quoting *Mancuso v. Olivarez*, 292 F.3d 939, 957 (9th Cir. 2002), *overruled on other grounds by Slack v. McDaniel*, 529 U.S. 473 (2000)). Petitioner has not met the standard of rebuttal and his objections to the R&R's conclusions as to his claims of cumulative error are OVERRULED. 28 U.S.C. § 2254(e)(1).

### F. Evidentiary Hearing

Judge Donohue concluded that an evidentiary hearing is unnecessary because the disputes "can be resolved by reference to the state court record." (Dkt. No. 23 at 21.) Petitioner objects "in light of 'all' the foregoing" and incorporating by reference his traverse/reply to Respondent's answer and memorandum of authorities (Dkt. No. 19). (Dkt. No. 29 at 15.) Petitioner has not met the standard of rebuttal and his objections to the R&R's conclusions as to his request for an evidentiary hearing are OVERRULED. 28 U.S.C. § 2254(e)(1).

## III. CONCLUSION

For the foregoing reasons, the Court OVERRULES Petitioner's objections (Dkt. No. 29), ADOPTS Judge Donohue's R&R (Dkt. No. 23), and DISMISSES Petitioner's habeas petition. This action is DISMISSED with prejudice. An evidentiary hearing and certificate of appealability are DENIED as to all the claims raised in this action.

DATED this 25th day of June 2019.

John C. Coughenour
UNITED STATES DISTRICT JUDGE