THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KEVIN DILTZ, | CASE NO. C18-0981-JCC |
| Petitioner, | MINUTE ORDER |
| v. | |
| JERI BOE, | |
| Defendant. | |

The following Minute Order is made by direction of the Court, the Honorable John C. Coughenour, United States District Judge:

This matter comes before the Court on Petitioner's motion for an extension of time to file a notice of appeal (Dkt. No. 35). On June 25, 2019, the Court adopted the report and recommendation of the Honorable James P. Donohue, United States Magistrate Judge, dismissed Petitioner's habeas corpus petition, and denied Petitioner a certificate of appealability ("COA") as to all of his claims. (Dkt. No. 32.) The Court entered judgment the same day. (Dkt. No. 33.) On July 3, 2019, Petitioner moved for a 90-day extension of time to file a notice of appeal, arguing that good cause exists because the legal issues presented are complex and he needs to send the Court's order or judgment to "the jailhouse Lawyer" who has been providing him assistance. (Dkt. No. 35 at 1–2) (citing W.D. Wash. Local Civ. R. 11(b), Fed. R. Civ. P. 6(b)). Petitioner seeks an extension of time in order to file a notice of appeal, request a COA from this

Court, or request a COA from the Ninth Circuit Court of Appeals. (*See* Dkt. No. 35 at 1.)

The United States Supreme Court has held that "the taking of an appeal within the prescribed time is 'mandatory and jurisdictional.'" *Bowles v. Russell*, 551 U.S. 205, 209 (2007) (quoting *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 61 (1982)). Generally, a party in a civil case has 30 days to file a notice of appeal following entry of judgment. *See* 28 U.S.C. § 2107(a); Fed. R. App. P. 4(a)(1)(A). The district court may extend a party's time to file a notice of appeal upon timely motion showing excusable neglect or good cause. *See* 28 U.S.C. § 2107(c); Fed. R. App. P. 4(a)(5). In a habeas corpus proceeding under 28 U.S.C. § 2254, the petitioner may not appeal a final order unless a COA is issued following the petitioner's "substantial showing of the denial of a constitutional right." 28 U.S.C.§ 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Following the district court's denial of a COA as to all issues, the petitioner may file a request for a COA in the circuit court within 35 days of the filing of the notice of appeal or the district court's denial, whichever is later. *See* Fed. R. App. P. 22(b)(1); Cir. R. 22-1(d). If the petitioner does not file a separate request for a COA, the circuit court will treat the notice of appeal as a request for a COA. Cir. R. 22-1(d); *see Slack*, 529 U.S. at 483. "The notice of appeal must be timely filed pursuant to 28 U.S.C. § 2107 and FRAP 4(a), regardless of whether appellant files a request for COA." Cir. R. 22-1(d).

Petitioner has not demonstrated a ground for this Court to issue a COA following its denial of the same in its order adopting Judge Donohue's report and recommendation. (*See* Dkt. Nos. 32, 35); 28 U.S.C.§ 2253(c)(2). Petitioner has also not established good cause meriting an extension of time to file a notice of appeal. (*See* Dkt. No. 35); *see also* W.D. Wash. Local Civ. R. 11(b); Fed. R. Civ. P. 6(b). Thus, Petitioner's request for a COA is properly made to the Ninth Circuit Court of Appeals. *See* Fed. R. App. P. 22(b)(1); Cir. R. 22-1(d). Petitioner's timely filing of a notice of appeal would function as a request for a COA, even if Petitioner does not file a separate request for a COA. *See* Cir. R. 22-1(d). And Petitioner may request that the Ninth Circuit grant him additional time to file a request for a COA if he so desires. *See* Fed. R. App. P.

1  26(b). For the foregoing reasons, Petitioner's motion for an extension of time to file a notice of

2  appeal (Dkt. No. 35) is DENIED.

3  DATED this 25th day of July 2019.

William M. McCool
Clerk of Court

s/Tomas Hernandez
Deputy Clerk